The Court delivered the following opinión : — Dai-ley obtained judgment, in Mercer circuit court, against Palmer, and sued out execution thereon; upon which the sheriff returned that he had levied it upon “ a negro woman, four beds and furniture, two gilded looking-glasses, two end tables, one folding do. and a bureau ; and not time to advertise.’'. A venditioni exponas was thereupon issued, upon which the sheriff returned that *508 tbe defendtnt had replevid tbe property, and he return* ed the replevy bond therewith.
This requi-fitii-n was du rettory to the officer for the benefit of the purchafer$ and the omitting it ought ’hot to prejudice the plamtkF,nor belie fit the defen. cUnt.
It is not ne-ceflary that a fhcriff ffiould fell the pert'onal cftate'fubjeél to execution, before he levies it on llaves.
On the motion of Palmer, at the April term 1806, the court quashed the sheriff’s return upon the first execution, and all the subsequent proceedings ; because the sheriff had not, in his return, named the slaves taken 5 and because be had, with the said slaves, also taken personal estate, without having first sold the personal estate, and thereby discovered the deficiency of the personal estate, to the discharge of the execution (a). From this decision Dailey appealed to this court. And we are clearly of opinion that neither of the causes were sufficient, in law, to authorise the quashal of the sheriff’s return, and the subsequent proceedings.
It was unnecessary, even by the Virginia act cited, to name tbe slaves in the return, unless they had been sold (b); and then o,nly for the benefit of the purchaser, in order that he might be more easily enabled to make out his tide under the purchase. If the sheriff had, ⅛ that case, neglected to return the names of the slaves sold, it ought not to affect the plaintiff, whose right to the; money was complete Upon the sale, and could not be defeated by the subsequent omission in the return. The, law was merely directory to the sheriff; and if, it had been a case where the names of the slaves were required' to be mentioned in the return, the sheriff ought to have been directed to amend his return for the benefit of the purchaser but his failure ought not to prejudice the plaintiff, or benefit the defendant.
The other cause upon1 which the circuit court quashed the returnj &c, was, very properly, given up iri argument here.
It ought to be remarked, that after the party had re-plefied, and had his property restored to him, the application to quash the return!, came withá bad grace indeed, ipto a court of justice ; it being evident the applicant had riot sustained^ and, could not possibly sustain any injury on account of the slayes not being named.
Judgment re versed,

(a) A£fcs of *79® 7. P 5*. § »o — p* j8a, § 1

1 b) Virginia a&s of 1764, ch. 6, § 7, p. 4⅜8.